**STEVENSON et al. v. LOHMAN et al.**
No. 4571.

Court of Civil Appeals of Texas. Beaumont.
Feb. 24, 1949.

Rehearing Denied March 16, 1949.

Cecil & Keith, of Beaumont, for appellants.

Baker, Vaughan & Black, of Port Arthur, for appellees.

COE, Chief Justice.

This suit was originally filed by appellees, Ed F. Lohman and Henry Lohman, against Lillie Stevenson in the form of trespass to try title for the title and possession of lots Nos. 5 and 6 in Block No. 2 of the Peking Addition to the City of Port Arthur, Jefferson County, Texas. Thereafter Willie Hill and Mack H. Hannah, Jr., as administrator of the estate of Laura Hill, deceased, filed their petition of intervention, Hill alleging in substance that on and prior to February 28, 1941, he and Laura Hill were husband and wife; that they were divorced on the 14th day of December, 1945; that in the divorce decree no provision was made for the division of the community property belonging to Laura Hill and Willie Hill, and that no property settlement had been made between them; that Laura Hill died in Port Arthur, Jefferson County, Texas, on the 2nd day of July, 1946. Willie Hill alleged that he and his then wife, Laura Hill, on February 28, 1941, had entered into a contract for deed with the ap-

pellees Ed Lohman and Henry Lohman whereby upon the performance of the conditions therein enumerated the said appellees obligated themselves to sell, deliver and convey the property herein sued for by sufficient warranty deed to Willie Hill and Laura Hill; that following the execution of such contract for deed the intervenor Hill paid or caused to be paid monthly payments as provided for in said contract for deed, and that he complied with all the other conditions, stipulations and provisions of said contract; that upon the death of Laura Hill, Lillie Stevenson, a sister of Laura Hill, and as an heir of said Laura Hill, deceased, entered into possession of said property and agreed that she would make the stipulated monthly payments under such contract and comply with other conditions and stipulations therein contained in consideration of the use and possession of such premises, and further that said Lillie Stevenson had complied with the terms and conditions of the contract for deed and had tendered to appellees sufficient sums to have paid the entire balance due on such contract for deed; that appellees wholly failed and refused to accept same and therefore should be estopped from claiming or asserting that such intervenor has not complied with the terms and conditions of such contract for deed; that appellees with full knowledge of the arrangements between intervenor Hill and said Lillie Stevenson, acquiesced and ratified same and failed to notify intervenor of any dispute over compliance of such contract provisions, and by reason of their silence lulled intervenor into a sense of security and without any demand whatsoever on them to comply with the contract provisions as contained in such contract for deed until they filed this suit to cancel same and hold same of no further force and effect. Intervenor Mack H. Hannah, Jr., as administrator of the estate of Laura Hill, deceased, alleged that he had been duly appointed and qualified as such administrator and is now acting in that capacity and as such administrator had complied with all the terms and conditions of said contract for deed and on behalf of said estate had tendered to appellees sufficient sums to have paid the entire balance due on such contract for deed; that appellees failed and refused to accept such tender and should now be estopped from claiming or asserting that intervenor Mack H. Hannah, Jr., had not complied with the terms and conditions of such contract for deed, and further plead tender of the full balance, if any, on the said contract for deed. Thereafter appellees filed their amended petition in the form of trespass to try title to said property in which they made the intervenors additional defendants. The case proceeded to trial with a jury and upon its verdict judgment was entered for appellees for the title and possession of the property sued for.

In answer to the Special Issues submitted, the jury found that (1) no payments had been made on the contract in question since July 9, 1945; (2) that no tender of the balance of the purchase price had been made by any of the defendants before the date of this trial; (3) that in the Fall of 1945 Willie Hill, in a conversation on the telephone with appellee Ed Lohman, told said Lohman that he would not make any more payments on the property in question; (4) that the reasonable rental value upon the property in question since July 9, 1945 to date was $25.00 per month; (5) that appellant Willie Hill abandoned the premises in question; (6) that prior to the date of the telephone conversation between Ed Lohman and Willie Hill in the Fall of 1945 Willie Hill was behind in the payments on his contract; (7) that Ed Lohman had not insisted upon Willlie Hill making his payments as they accrued from month to month; (8) that in the telephone conversation between Ed Lohman and Willie Hill in the Fall of 1945, said Lohman did not offer to make a deed to Willie Hill upon his payment of the balance of the purchase price; (9) that at the time of the telephone conversation between Willie Hill and Ed Lohman in the Fall of 1945, Willie Hill did not believe that Ed Lohman would not declare the contract as forfeited by reason of the fact that prior to such date said Ed Lohman had not insisted upon Willie Hill's making his payments as same accrued.

During the trial of the case the appellant, Mack H. Hannah, Jr., in open court, ten-

dered to appellees the balance due under the contract of purchase, together with the accrued interest thereon, together with such amount, approximately $100, which had been paid out by the appellees for taxes and insurance, which tender was refused.

Upon judgment being entered for appellees for the land sued for, Mack H. Hannah, Jr., as administrator of the estate of Laura Hill, deceased, perfected appeal of this cause. The other defendants, Willie Hill and Lillie Stevenson, have failed to do so. By appellant's point he contends that the trial court was in error in overruling his motion for instructed verdict and overruling his motion for judgment non obstante veredicto, and in entering judgment for appellees because of appellant's tender of the amount due under the contract of sale extinguished the lien of appellees for the balance of the purchase money due, and further because the evidence conclusively showed that appellant and his intestate have retained possession of the premises and have never relinquished possession thereof to appellees, and there was no evidence of abandonment of the interest of the appellant's intestate.

It was agreed on the trial of the case that the Home Agency Company, a corporation, was the common source of title. Appellees introduced in evidence a general warranty deed dated January 6, 1928 in which the Home Agency Company conveyed the property in question to Henry and Ed F. Lohman, whom the evidence shows, were partners. They next offered in evidence a contract for deed dated February 28, 1941, in which it is recited that Ed Lohman and Henry Lohman, for a consideration of $1,550.00, in hand paid and to be paid by Willie Hill and Laura Hill, agreed to sell, deliver and convey by warranty deed the said lots to Willie and Laura Hill upon compliance with the terms of said contract. The contract recited a cash consideration of $50.00 and a balance of $1500.00 to be paid in monthly installments of $20.00 each, and provided for interest at the rate of 8% per annum on all unpaid balances of principal. The contract also provided that Willie and Laura Hill were to pay the taxes and insurance on the property. The contract further provided:

"It is hereby expressly understood and agreed that if the purchaser, his heirs, administrators, executors or assigns, shall fail or refuse to make the payments as herein specified, time being the essence of this contract, and all its provisions, then, and in that event, this contract shall, at the option of said Ed Lohman and Henry Lohman, and without notice, be and become null and void and rights of the purchaser growing out of this contract, and money paid in be forfeited as fixed and liquidated damages."

The contract was signed by Ed F. Lohman for Ed Lohman and Henry Lohman and by Willie and Laura Hill. On this date Willie Hill and Laura Hill were married and living together as husband and wife. Ed Lohman testified that sometime between July 9, 1945 and December 14, 1945, Willie Hill called him on the telephone and told him that he was in trouble and was getting a divorce and would make no more payments under the contract; that in said conversation he, Ed Lohman, told Willie Hill that he was already behind in his payments and that he was canceling and forfeiting the contract. This seems to have been the end of the dealings as between the Lohmans on the one hand and the Hills on the other. On December 14, 1945, Willie and Laura Hill were divorced by a decree of the District Court without any disposition being made of any community property that the parties might have owned. Laura Hill continued to reside upon the property in question until her death some time in the month of July, 1946. Upon Laura Hill's death her sister, Lillie Stevenson, took charge of the property, locked up the front part of the house in which her sister had lived and stored the furniture belonging to her deceased sister in that part of the house and rented the back part of the house to other parties. This situation seems to have remained in status quo until the filing of this suit by the Lohmans against Lillie Stevenson on June 13, 1948.

The contract for the sale of the land here involved was executory and the superior title thereto remained in appellees. 43 Tex.Jur., pg. 228, Sec. 140.

314

Upon default being made in the payments provided for in said contract appellees immediately became entitled to the possession of such property subject only to such right being defeated by the vendees upon pleading and proving such facts as would make it inequitable to enforce it. See Willis v. Mays et al., Tex.Civ.App., 177 S.W.2d 1000 and cases there cited.

We are unable to find in this record any pleadings or evidence which would justify this Court in holding that appellant has established such equities in his behalf as to estop appellees from asserting their superior title and right of possession of the property in controversy for failure on the part of the Hills and their representatives to make the installment payments on the property as provided for in the sale contract. We agree with appellant that the courts do not favor forfeiture and when proper equities are shown to exist equity will intervene and will deny unjust enforcement of the naked legal right to a forfeiture. On the other hand, when parties enter into a contract providing that either should forfeit his rights thereunder upon default in any of the material provisions, thereof, it then becomes the burden of the party resisting such forfeiture to plead and prove such facts as would justify a court of equity in preventing his adversary from doing that which otherwise, under the law, he has a right to do, but in equity and good conscience he should not be permitted to do. As stated before, we find nothing in this record which would justify a court of equity in preventing the appellees from exercising their legal rights under the contract. This contract was entered into on February 28, 1941, since which time the appellant or the other defendants in the trial court have had full use of the property in question with a rental value, as found by the jury, of $25.00 per month. They have paid the sum of $466.19 on the purchase price, without having made any payments under their contract since the 9th day of July, 1945, at which time they were in arrears in such payments. No offer to pay the balance due under said contract or any part thereof was made until after the filing of this suit and while same was being tried, at which time the balance due with interest thereon and the amount of taxes and insurance paid by appellees on such property was tendered, no offer or tender was made to pay the cost of suit or attorney's fees or any part thereof incurred by the appellees because of the default made in the payment of the purchase price of the land in controversy. No effort was made by any of the defendants in the trial court to contradict or discredit the testimony of appellee, Ed Lohman, and the jury seems to have taken it as true as is reflected in its verdict. None of defendants offered any evidence to support the allegations made by them entitling them to equitable relief. Neither was there any evidence that Lillie Stevenson was an heir of Laura Hill, deceased, or had any claim to the property in controversy other than her possession of it. When Willie Hill advised the appellee, Ed Lohman, that he would no longer make the monthly payments as provided for in the contract, and had been advised by Ed Lohman that he would consider the contract as forfeited and no attempt was thereafter made to pay such monthly installments or any part thereof, the appellees were justified in treating the contract as abandoned by the Hills; therefore the appellant is in no position to complain of appellees taking advantage of the provisions of the contract providing for a forfeiture thereof.

We have been cited no case and we have been unable to find one holding that under such state of facts as is here presented a court of equity would be justified in denying appellees their right to maintain a suit to recover back the land here involved. See Hughes et al. v. Burton Lumber Corp., Tex.Civ.App., 188 S.W. 1022; Rockhill Country Club Co. v. Nix et al., Tex.Civ. App., 198 S.W. 155

Finding no error in the judgment of the trial court, all of appellant's points of error are overruled and the judgment is affirmed.