**Edward A. HILL, Appellant,**

v.

**Mrs. Ed McCAA, Appellee.**

No. 4116.

Court of Civil Appeals of Texas.

Waco.

April 18, 1963.

Rehearing Denied May 9, 1963.

Young, Young & Daggett, Allen J. Daggett, Houston, Miller & Allen, J. K. Allen, Columbus, for appellant.

John B. McNamara, Jr., Waco, for appellee.

McDONALD, Chief Justice.

Plaintiff McCaa instituted this suit against defendant Hill for cancellation of a written lease contract of real estate in Houston, Texas; and for reasonable rent for use and occupancy of the premises for the period defendant occupied the premises after cancellation. Defendant answered by general denial.

Trial was before the court without a jury, which after hearing, entered judgment cancelling the lease contract as of August 1, 1959 and awarding plaintiff $1950. as reasonable rental for the time defendant occupied the premises after date of cancellation.

Defendant appeals, contending:

1) The Trial Court erred in not considering invited counterproof for the purpose of explaining the 1 month's delay rental.

2) The Trial Court erred in rendering judgment for plaintiff as there was no evidence sufficient to authorize forfeiture and cancellation of the written lease.

Plaintiff leased the premises to defendant in writing on January 31, 1957, for a period of 5 years. Such lease provided that defendant pay "$75.00 per month in advance upon the conditions and covenants following. * * * It is further agreed by and between the parties hereto that Lessee shall have 10 days from the date any monthly lease payment is due to pay same, and in the event Lessee defaults in the payment of the said monthly lease payment after the expiration of the full 10 days, then and in that event this lease and agreement shall become null and void, and Lessee shall forfeit (the premises) and the Lessor shall become the legal owner of same."

It is undisputed that defendant failed to pay the rental payment for the month of August, 1959 by the 10th of August 1959. It is undisputed that defendant remained in possession of the property for some 13 months thereafter, and that the reasonable rental value of the property was $150. per month, and defendant himself so testified.

■■ Defendant's first complaint is of the action of the trial court in not permitting him to introduce evidence to prove various equitable and legal defenses. Such defenses were not raised by the defendant's answer, such answer being a general denial only. Since defendant did not plead any equitable defenses of waiver or estoppel, nor any matters in avoidance, the trial court properly excluded testimony concerning same. Stevenson v. Lohman, Tex.Civ.App., Er.Ref., 218 S.W.2d 311; 8 Tex.Jur. 10 Year Supp. 316; 25 Tex.Jur.2d p. 518.

Defendant's 2nd contention is that the record will not support the harsh remedy of cancellation and forfeiture.

It is undisputed that defendant failed to pay the August, 1959 rent prior to August 10th. The parties by written instrument specifically contracted that if monthly rent be not paid by the 10th, forfeiture would follow. Plaintiff stands on the agreement and seeks forfeiture.

■ We agree with defendant that the courts do not favor forfeiture, and when proper equities are shown to exist, equity will intervene and will deny unjust enforcement of the naked legal right to forfeiture. On the other hand, when parties enter into a contract providing that either should forfeit his rights thereunder upon default of a specific provision, it becomes the burden of the party resisting such forfeiture to *plead* and prove such facts as would justify a court of equity in preventing his adversary from doing that which otherwise, under the law, he has a right to do. Stevenson v. Lohman, Tex.

Civ.App., Er.Ref., 218 S.W.2d 311; 25 Tex. Jur.2d p. 518.

Plaintiff asserted the right of forfeiture and cancellation which defendant contracted for. Defendant plead no defenses, legal or equitable, in bar.

Defendant's points are overruled, and the judgment of the trial court is Affirmed.