**Affirmed and Opinion Filed February 23, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00172-CV**

**CAROL WARREN, Appellant**
**V.**
**DONALD HALLETT, Appellee**

**On Appeal from the County Court at Law No. 1**
**Rockwall County, Texas**
**Trial Court Cause No. Cl1-22-0050**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Partida-Kipness

The underlying proceeding involved a de novo appeal from the justice court in a forcible detainer action. Appellant Carol Warren appeals the county court at law's order denying her plea to the jurisdiction and rendition of judgment for appellee Donald Hallett on his forcible detainer action. Because we overrule appellant's issues on appeal, we affirm.

## BACKGROUND

On July 11, 2011, Hallett and his wife, Teresa, signed a "Contract for Deed" to sell their home to Warren. The Contract set out a sales price of $100,000.00, with

no down payment, an 8% fixed annual interest rate, and monthly payments of $1,254.68, which included escrow payments for taxes and property insurance. Under the Contract, Warren agreed to pay the Halletts monthly payments from August 1, 2011, until July 1, 2026, in exchange for receipt of a warranty deed once she paid all amounts due in full. The Contract also provided Warren with the right to possession of the property as long as she performed all obligations in the Contract. If the Contract was cancelled due to Warren's default, the Halletts, after providing notice of default and three days to cure, had the right to file an action for forcible detainer.

According to Hallett, Warren failed to pay rent for several lengthy time periods, including a sixty-four-month period between November 20, 2013, and March 13, 2019, and an eighteen-month period between June 24, 2019, and February 26, 2021. Hallett testified he received no payments from Warren after April 28, 2021.

On January 4, 2022, Hallett's counsel delivered a notice of default to Warren. The notice provided Warren thirty days to cure the default or surrender possession of the property. The notice referenced Warren's expressed interest in obtaining a third-party mortgage to buy the property and informed Warren that Hallett was willing to work with her to negotiate a "payoff / cure of the default." The parties' subsequent negotiations resulted in an agreement (the 2022 sales contract) for Hallett to sell the property to Warren, with Warren purchasing the property through third-party financing. Warren failed to close the deal and, on March 13, 2022, Hallett sent Warren a renewed notice to vacate the property. The March 13 Notice informed

Warren that she breached the 2022 sales contract by failing to close, and Hallett was terminating the 2022 sales contract due to that breach. The March 13 Notice also included a renewed thirty-day notice to vacate, which notified Warren that she remained in default of her payment obligations under the Contract and "must vacate within thirty (30) days or face a suit for eviction." Warren refused to vacate the property.

On August 5, 2022, Hallett filed a forcible entry and detainer suit against Warren in the justice court. On August 22, 2022, the justice court entered a judgment for Warren, and Hallett filed a de novo appeal in the county court at law. In the county court at law, Warren filed a motion to dismiss Hallett's petition and claims for lack of jurisdiction. Warren contended the county court at law lacked subject matter jurisdiction because the Contract is an executory contract governed by Chapter 5, Subchapter D of the Texas Property Code for which an action for forcible entry and detainer is not an available remedy. Warren argued the property code limited Hallett's remedy for Warren's nonpayment to "a sale under Texas Property Code §5.066." Hallett filed a response to the motion, and Warren filed a separate brief in support of the motion. On February 8, 2023, the county court at law held a hearing on the motion to dismiss and proceeded to trial on the forcible entry and detainer petition.

On February 17, 2023, the district court signed an order denying Warren's plea to the jurisdiction and rendered judgment for Hallett in the de novo appeal of

his forcible entry and detainer action. The judgment decreed Hallett was entitled to judgment for immediate possession of the property and awarded him attorney's fees and court costs. Warren appealed. Her notice of appeal states she is appealing "because Eviction is not an appropriate or available remedy in this case."

**ANALYSIS**

Warren brings two issues on appeal. First, she contends the county court at law erred by rendering judgment for Hallett in the forcible detainer action because eviction is not a lawful remedy for breach of the Contract. Second, she contends the county court at law lacked jurisdiction over the proceeding because a title dispute remains pending in the district court. Both issues present questions of law we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (whether a trial court has subject matter jurisdiction is a question of law that we review de novo); *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (the availability of a remedy under the facts is a question of law reviewed de novo). We first address Warren's challenge to the county court at law's subject matter jurisdiction.

## I. Subject Matter Jurisdiction

Warren maintains the county court at law lacked jurisdiction to determine right of possession because the question of possession is intertwined with the question of title. We disagree.

–4–

Jurisdiction over a forcible detainer action is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court[1] for a trial de novo. TEX. PROP. CODE § 24.004(a); TEX. GOV'T CODE § 27.031(a)(2); TEX. R. CIV. P. 510.10(c). Neither the justice court nor the county court has jurisdiction to determine or adjudicate title to land. *See generally Black v. Washington Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.). "The only issue in an action for forcible detainer is the right to actual and immediate possession; the merits of title are not adjudicated." *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citations omitted). A forcible detainer action is cumulative of any other remedy that a party may have in the courts of this state and therefore, forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court. *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *see also Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *Haith v. Drake*, 596 S.W.2d 194, 196–97 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *see also* TEX. PROP. CODE § 24.008 ("An eviction suit does not bar a suit for trespass, damages, waste,

---

[1] The constitutional County Court in each county is referred to simply as the county court. County courts at law, however, are among "such other courts as may be provided by law." *Ditech Servicing, LLC v. Perez*, 669 S.W.3d 188, 190 (Tex. 2023). They "are creatures of statute with varying jurisdiction individually demarcated by the Legislature." *Id.* Rockwall County has two district courts, two county courts at law, and no constitutional county court. Rockwall County Court of Law No. 1 and County Court of Law No. 2 have "jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts." TEX. GOV'T CODE § 25.0003(a); *see also* TEX. GOV'T CODE §§ 25.2011, 25.2012 (prescribing jurisdiction of Rockwall County Courts at Law).

rent, or mesne profits"). "Eviction suits include forcible entry and detainer and forcible detainer suits." TEX. PROP. CODE § 24.004(a)

A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). "Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession." *Id.* Thus, to prevail in a forcible detainer action, the plaintiff is not required to prove title, but is only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 28 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *see also Marshall*, 198 S.W.3d at 787 (stating only issue in forcible detainer proceeding is right to actual and immediate possession). If, however, an issue of title is so intertwined with the issue of possession that a court must resolve the title dispute before determining which party has a superior right to immediate possession, then the justice court and the county court lack jurisdiction to resolve the matter and must dismiss the case. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

A landlord-tenant relationship provides "an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property." *Rice*, 51 S.W.3d at 712. The parties in a forcible

detainer suit are usually in a landlord-tenant relationship. *Ward v. Malone*, 115 S.W.3d 267, 270–71 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied). The lack of a landlord-tenant relationship, however, indicates the justice court, and county court on appeal, are being called upon to adjudicate title in addition to possession. *Id.* (first citing *Aguilar v. Weber*, 72 S.W.3d 729, 733 (Tex. App.—Waco 2002, no pet.); and then citing *Rice*, 51 S.W.3d at 712).

Here, the Contract at issue is a contract for deed, which "is an agreement by a seller to deliver a deed to property once certain conditions have been met." *Ward*, 115 S.W.3d at 270–71 (citing *Graves v. Diehl*, 958 S.W.2d 468, 470 (Tex. App.—Houston [14th Dist.] 1997, no pet.)). "The legal effect of the contract is the same as that of a deed with a retained vendor's lien." *Id.* (citing *Bucher v. Emps. Cas. Co.*, 409 S.W.2d 583, 584–85 (Tex. Civ. App.—Fort Worth 1966, no writ)).[2] Under the Contract, Warren was entitled to possession of the property if she promptly performed all obligations under it; but Hallett was not obligated to deliver legal title to the property until Warren paid the purchase price and the required additional payments in full. Warren contends the question of title cannot be separated from the question of possession because the Contract is a "Contract for Deed" under which a

---

[2] *See Ferrara v. Nutt*, 555 S.W.3d 227, 236 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("An executory contract, or a 'contract for deed,' is a real-estate transaction that allows the seller of the property to retain title until the purchaser has paid for the property in full."); *see also De Hoyos v. Cruz*, No. 04-20-00361-CV, 2021 WL 5496353, at *2 (Tex. App.—San Antonio Nov. 24, 2021, pet. denied) ("Under subsection 5.079(a) of the Texas Property Code, '[a] recorded executory contract shall be the same as a deed with a vendor's lien.'") (quoting TEX. PROP. CODE § 5.079(a).

landlord-tenant relationship is lacking. Warren is correct that a forcible detainer action "based on a contract for deed is dependent on proof of a landlord-tenant relationship." *See*, *e.g.*, *Brown v. Kula-Amos, Inc.*, No. 02-04-00032-CV, 2005 WL 675563, at *3 (Tex. App.—Fort Worth Mar. 24, 2005, no pet.) (mem. op.). However, her contention no such relationship existed here is incorrect.

"Generally, a justice court or county court is not required to determine questions of title when considering a forcible detainer suit if the contract provides for a landlord-tenant relationship upon default, if the contract provides that the buyer becomes a tenant-at-sufferance in the event of default, or if the contract provides that the buyer is subject to a forcible detainer suit upon default." *Brown*, 2005 WL 675563, at *3; *see also Haith v. Drake*, 596 S.W .2d 194, 197 (Tex. Civ. App–Houston [1st Dist.] 1980, writ ref'd n.r.e.) (reasoning justice court had jurisdiction to consider forcible detainer suit where deed included tenant-at-sufferance provision in the event of default). When a contract for deed includes tenant-at-sufferance language, "[t]itle is a non-issue because the existence of such language in the contract 'provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property.'" *Brown*, 2005 WL 675563, at *3 (quoting *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 559 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.)). Such is the case here.

Section one of the "General Provisions" in the Contract between the Halletts and Warren states:

As long as Buyer promptly performs all obligations in this contract, Buyer has the right to possession of the property. If Sellers determine Buyer has not performed all obligations under this contract, Sellers will present a Notice to Buyer in person or in writing of same, thus ensuring that Buyer has not overlooked her obligations due to an unavoidable incident, i.e. an accident, illness, etc., and upon such Notice to Buyer, Buyer shall satisfy such obligation within three days to the Sellers to avoid default. ***If this contract is canceled because of Buyer's default, Buyer will immediately surrender possession of the property to Sellers. If Buyer fails to do so, Buyer will become a tenant at sufferance of Sellers and Sellers shall have the right to go into any Justice of the Peace Court in Rockwall County, Texas, and file an action for forcible detainer.***

(emphasis added). The Contract expressly provides that Warren will become a tenant-at-sufferance subject to an action for forcible detainer if the Contract is cancelled because of her default. This language establishes the essential relationship between Hallett and Warren necessary to maintain a forcible detainer suit and avoid the question of title. *See Brown*, 2005 WL 675563, at *3 (holding same contractual language created landlord-tenant relationship such that justice court and county court had jurisdiction over forcible detainer action); *see also Mosely v. Am. Homes 4 Rent Properties Eight, LLC*, No. 02-15-00200-CV, 2015 WL 9942695, at *2–3 (Tex. App.—Fort Worth Dec. 10, 2015, pet. dism'd) (mem. op.) (because of tenant-at-sufferance clause, trial court had jurisdiction to determine possession in forcible detainer action); *Haith*, 596 S.W.2d at 196–97 (same); *Paselk v. Bayview Loan Servicing, LLC*, 528 S.W.3d 790, 794 (Tex. App.—Texarkana 2017, no pet.) (holding trial court had independent basis to determine issue of immediate possession without resolving the issue of title because "the deed of trust specifically

provided that Paselk would be considered a tenant at sufferance in the event of a foreclosure sale."); *see also* TEX. PROP. CODE § 24.002(a)(2) (stating that a person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant at will or by sufferance).

Because of the tenant-at-sufferance language, the justice court and county court at law could determine the issue of immediate possession without making an inquiry into title. *See Brown*, 2005 WL 675563, at *3. We conclude the county court at law had subject matter jurisdiction over Hallett's action for forcible detainer. We overrule Warren's second issue and affirm the order denying Warren's motion to dismiss.

## II. Remedy of Eviction

Warren also contends the judgment should be reversed because eviction is not an available remedy here. She maintains Texas Property Code Chapter 5, Subchapter D controls this question because the Contract is an executory contract recorded in the county deed records. According to Warren, that subchapter of the property code restricts a seller's remedies for default to a sale pursuant to section 5.066 and, thus, prohibits forcible detainer actions. *See* TEX. PROP. CODE §5.066 ("Equity Protection; Sale of Property"). We again disagree.

Texas Property Code Chapter 5, Subchapter D, governs executory contracts for the conveyance of real property, including contracts for deeds. *See* TEX. PROP. CODE §§ 5.061-.87; *see also White v. Calvache*, No. 05-17-00127-CV, 2018 WL

–10–

525684, at *5 (Tex. App.—Dallas Jan. 24, 2018, no pet.) (mem. op.) (recognizing that Subchapter D applies to an "executory contract," such as a contract for deed) (first citing *Reeder v. Curry*, 294 S.W.3d 851, 856 (Tex. App.—Dallas 2009, pet. denied), and then citing *Shook v. Walden*, 368 S.W.3d 604, 627 (Tex. App.—Austin 2012, pet. denied)). When Chapter 5 applies, the section restricts a seller's remedies for breaches and imposes specific obligations on the seller. *See*, *e.g.*, TEX. PROP. CODE § 5.063 (contents of required notices); § 5.064 (requiring notice and opportunity to cure as predicates for rescission, forfeiture, and acceleration remedies); § 5.065 (right to cure); § 5.069 (seller's disclosure requirements); § 5.076 (seller's recording requirement); § 5.077 (annual accounting statement required of seller).

Warren relies on section 5.066 to support her contention that eviction is not an available remedy here. That section provides:

> (a) If a purchaser defaults after the purchaser has paid 40 percent or more of the amount due or the equivalent of 48 monthly payments under the executory contract or, regardless of the amount the purchaser has paid, the executory contract has been recorded, the seller is granted the power to sell, through a trustee designated by the seller, the purchaser's interest in the property as provided by this section. The seller may not enforce the remedy of rescission or of forfeiture and acceleration after the contract has been recorded.
>
> (b) The seller shall notify a purchaser of a default under the contract and allow the purchaser at least 60 days after the date notice is given to cure the default. The notice must be provided as prescribed by Section 5.063 except that the notice must substitute the following statement:
>
> > NOTICE

YOU ARE NOT COMPLYING WITH THE TERMS OF THE CONTRACT TO BUY YOUR PROPERTY. UNLESS YOU TAKE THE ACTION SPECIFIED IN THIS NOTICE BY (date) A TRUSTEE DESIGNATED BY THE SELLER HAS THE RIGHT TO SELL YOUR PROPERTY AT A PUBLIC AUCTION.

(c) The trustee or a substitute trustee designated by the seller must post, file, and serve a notice of sale and the county clerk shall record and maintain the notice of sale as prescribed by Section 51.002. A notice of sale is not valid unless it is given after the period to cure has expired.

(d) The trustee or a substitute trustee designated by the seller must conduct the sale as prescribed by Section 51.002. The seller must:

(1) convey to a purchaser at a sale conducted under this section fee simple title to the real property; and

(2) warrant that the property is free from any encumbrance.

(e) The remaining balance of the amount due under the executory contract is the debt for purposes of a sale under this section. If the proceeds of the sale exceed the debt amount, the seller shall disburse the excess funds to the purchaser under the executory contract. If the proceeds of the sale are insufficient to extinguish the debt amount, the seller's right to recover the resulting deficiency is subject to Sections 51.003, 51.004, and 51.005 unless a provision of the executory contract releases the purchaser under the contract from liability.

(f) The affidavit of a person knowledgeable of the facts that states that the notice was given and the sale was conducted as provided by this section is prima facie evidence of those facts. A purchaser for value who relies on an affidavit under this subsection acquires title to the property free and clear of the executory contract.

(g) If a purchaser defaults before the purchaser has paid 40 percent of the amount due or the equivalent of 48 monthly payments under the executory contract, the seller may enforce the remedy of rescission or of forfeiture and acceleration of the indebtedness if the seller complies with the notice requirements of Sections 5.063 and 5.064.

TEX. PROP. CODE § 5.066.

Neither that provision nor any provision of Subchapter D expressly prohibits an owner or seller from pursuing a forcible detainer action to evict the purchaser. *See* TEX. PROP. CODE §§ 5.061-.87. The terms "eviction," "forcible detainer," and "forcible entry" are not found in Subchapter D. *See id.* Similarly, the authorities cited by Warren do not imply or hold that eviction is a remedy unavailable to the seller when a buyer defaults on a recorded, executory contract. Subchapter D did not prohibit Hallett from prosecuting and prevailing on the forcible detainer action.

We have already concluded the Contract's tenancy-at-sufferance clause allowed the trial court to determine the issue of possession without adjudicating the issue of title. *See Brown*, 2005 WL 675563, at *3; *see also Hinojosa v. Fin. of Am. Reverse, LLC*, No 04-19-00787-CV, 2021 WL 1199045, at *2 (Tex. App.—San Antonio Mar. 31, 2021, no pet.) (mem. op.) ("Based on evidence of a landlord-tenant at sufferance relationship, the issue of possession may be determined independent of title, even if a tenant at sufferance challenges the [underlying agreement]."). The county court at law's jurisdiction over the forcible detainer action is, therefore, not at issue.

Warren's arguments concerning the applicability of Subchapter D relate to the question of title, not to the question of possession decided by the county court at law. *E.g.*, *Lugo v. Ross*, 378 S.W.3d 620, 624 (Tex. App.—Dallas 2012, no pet.) (concluding justice court had jurisdiction in forcible entry and detainer suit regardless of whether Subchapter D would apply in title dispute because "there was

no title dispute to be resolved" in the justice court); *cf. Reeder*, 294 S.W.3d at 856 (noting "[i]f the purchaser defaults under the [executory] contract, the seller is entitled to possession of the property") (citing *Stevenson v. Lohman*, 218 S.W.2d 311, 313 (Tex. Civ. App.—Beaumont 1949, writ ref'd)). The parties may litigate the applicability of Subchapter D and the impact, if any, of those provisions on Hallett's right to title in the district court. But under this record and considering our conclusion the county court at law had jurisdiction over the eviction case, we hold Subchapter D did not prohibit Hallett from prosecuting the forcible detainer action. *See Reeder*, 294 S.W.3d at 856. We overrule Warren's first issue.

Further, Hallett presented sufficient evidence of ownership to establish a superior right to possession without relying upon the ultimate resolution of title. During the forcible detainer proceedings, Hallett presented (1) the Contract containing a tenancy-at-sufferance clause; (2) undisputed proof of Warren's default, (3) proof of his demand for Warren to vacate the property, and (4) Warren's refusal to vacate the property. These documents showed Warren was a tenant at sufferance who had refused to surrender possession, satisfying the elements of a forcible detainer action. *See Gardocki v. Fed. Nat. Mortg. Ass'n*, No. 14-12-00921-CV, 2013 WL 6568765, at *3–4 (Tex. App.—Houston [14th Dist.] Dec. 12, 2013, no pet.). Under this record, we affirm the trial court's judgment granting Hallett immediate possession of the property. To the extent Warren challenges the determination of possession, we overrule that challenge.

## CONCLUSION

The county court at law had subject matter jurisdiction over the forcible detainer action and rendered a judgment for Hallett permitted under Texas law. Accordingly, we overrule Warren's appellate issues and affirm the order denying Warren's plea to the jurisdiction and the judgment in favor of Hallett on the forcible detainer claim.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

230172F.P05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

CAROL WARREN, Appellant

No. 05-23-00172-CV     V.

DONALD HALLETT, Appellee

On Appeal from the County Court at Law No. 1, Rockwall County, Texas Trial Court Cause No. CI1-22-0050. Opinion delivered by Justice Partida-Kipness. Justices Nowell and Smith participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellant's plea to the jurisdiction and judgment of the trial court are **AFFIRMED**.

It is **ORDERED** that appellee DONALD HALLETT recover his costs of this appeal from appellant CAROL WARREN.

Judgment entered this 23rd day of February 2024.